UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS A. DOLAN ]
    Plaintiff, ]
     ]
v. ] No. 3:05-0401
     ] Judge Trauger
UNITED STATES OF AMERICA, ET AL. ]
    Defendants. ]

# **MEMORANDUM**

Presently pending before the Court are defendants' Motions to Dismiss (Docket Entry Nos. 16 and 28) and the plaintiff's Memoranda in Opposition to the Motions to Dismiss (Docket Entry Nos. 20 and 30). For the reasons stated below, the Court finds merit in the defendants' Motions to Dismiss. Accordingly, said Motions shall be granted and this action will be dismissed.

## I. BACKGROUND[1]

The plaintiff is an engineer who held a faculty position with the University of Tennessee Center for Industrial Services. During the course of his employment there, the plaintiff began working with Frank Prasil, an inventor who had developed a process for the recycling of ink. With the plaintiff's assistance, Prasil applied for and received a $390,000 research and

---

[1] Some of the "facts" used in the Background were taken from a state court opinion provided by the plaintiff and are being used merely to place the plaintiff's claims in their proper context. *See* Attachment to Docket Entry No. 30.

1

development grant from the U.S. Department of Energy.

As one of the requirements for the grant, Prasil needed to obtain matching funds from an independent source. He approached the East Tennessee Banking Corporation (ETB) and received a commitment for the necessary funding. Prasil and the plaintiff informed the Tennessee Department of Environment and Conservation, which was partnered with the Department of Energy in the grant program, of ETB's funding commitment. A short time later, however, ETB notified the plaintiff that it was withdrawing its financial support.

Apparently, Prasil was able to obtain the needed funding from another source. In the meantime, ETB allegedly formed Environmental Ink, Inc., a company devoted to the development of processes that were very similar to those invented by Prasil. When Prasil and the plaintiff learned of Environmental Ink, Inc., they attempted to force the company to cease and desist from exploiting Prasil's research.

Bruce Poston, the President of both ETB and Environmental Ink, sent a twenty four (24) page letter to the Department of Energy asking for a formal investigation into the grant given to Prasil. The letter outlined alleged irregularities in the grant application and questioned the use of grant funds. Poston supposedly implicated the plaintiff as the author of the most misleading information in the grant application. Copies of the letter were sent to the plaintiff's employer and to the Tennessee Department of Environment and Conservation. The plaintiff left his position at the University of Tennessee and Prasil's grant was withdrawn.

The U.S. Department of Justice conducted an investigation to determine whether there was any truth in Poston's allegations. In August, 2001, the plaintiff and Prasil were charged with making false statements to the Department of Energy and mail fraud. <u>United States of America</u>

2

v. Thomas A. Dolan, No. 3:01-cr-00115 (E.D. Tenn)(J. Varlan, presiding). Almost three years later, the charges against the plaintiff were dropped.

## II. THE COMPLAINT

On May 26, 2005, the plaintiff, through counsel, initiated this action with the filing of a complaint (Docket Entry No. 1). The complaint is brought pursuant to 42 U.S.C. § 1983 against the United States of America; Guy Blackwell, the federal prosecutor who brought the charges against the petitioner; Randall Kizer, a Special Investigator for the U.S. Department of Justice; and Bruce Poston, the President of ETB and Environmental Ink, Inc.; seeking declaratory relief and damages.

The complaint alleges seven claims for relief. These claims include :

1) Blackwell suppressed exculpatory evidence in violation of the plaintiff's right to due process;

2) Blackwell denied the plaintiff due process when he knowingly fabricated evidence;

3) Kizer denied the plaintiff due process when he knowingly fabricated evidence;

4) Blackwell, Kizer and Poston "formed an agreement to fabricate evidence" against the plaintiff in an effort to deny him due process;

5) Kizer violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used as a basis for establishing probable cause to bring criminal charges;

6) Blackwell violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used

3

> for establishing probable cause to bring criminal charges; and

> 7) the defendants knowingly conspired to violate the plaintiff's Sixth Amendment right to a fair trial by suppressing favorable and requested evidence from the plaintiff.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

### IV. UNITED STATES AS A DEFENDANT

The plaintiff's claim against the United States is premised upon the doctrine of respondeat superior. Docket Entry No. 1 at pg.1. However, the plaintiff can not sue a defendant for constitutional violations solely because of its status as a supervisor or employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 455, 70 L.Ed.2d 509, 521 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. See Dunn v.

4

Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983).

In this case, there are no allegations whatsoever suggesting that the United States or any of its agencies participated in the knowing and malicious fabrication of evidence, suppression of exculpatory evidence or conspiracy that is alleged against the individual defendants. Moreover, the remaining defendants are being sued in their individual rather than official capacities. Docket Entry No. 1 at pgs. 2-3. Therefore, the complaint fails to state a claim against the United States upon which relief can be granted.

## V. VENUE

The plaintiff has urged two statutory bases for venue in this judicial district. The defendants, however, dispute the propriety of venue here. First, the plaintiff relies upon 28 U.S.C. § 1391(e). That statute provides in relevant part that :

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

The plaintiff is suing two federal employees, i.e., Blackwell and Kizer, in their individual rather than official capacities. Docket Entry No. 1 at pg. 2. When federal employees are being sued for money damages in their individual capacities, this venue provision does not apply. Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980).

5

The plaintiff also contends that venue is proper pursuant to 28 U.S.C. § 1391(b)(2). That statute requires that any action wherein jurisdiction is not founded solely on diversity of citizenship, as is the case here, may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought."

The plaintiff concedes that, based upon subsection (b)(1), venue for this action would be proper in the Eastern District of Tennessee. Docket Entry No. 20 at pg. 2. He argues, however, that venue is also proper in this judicial district because a substantial part of the events or omissions giving rise to his claims occurred here. To illustrate, the plaintiff notes that he has lived in this judicial district throughout the period of time covered within the complaint, that the plaintiff's former employer was headquartered here and that his office was located here, that the Tennessee Department of Environment and Conservation is located here and that Blackwell and Kizer traveled to this district to gather evidence against him.

To be sure, there was activity in this judicial district that ultimately led to the claims in the complaint. However, the activity that the plaintiff relies upon relates primarily to his alleged misconduct rather than the alleged misconduct of the defendants. The claims in the complaint arise solely from the plaintiff's criminal prosecution in the Eastern District of Tennessee. Any misconduct or violation of rights by the defendants occurred in that judicial district and not here. The decision to prosecute the plaintiff was made there rather than here. Any "conspiracy"

6

between the defendants against the plaintiff occurred in that judicial district where all the defendants reside. In his own words, the plaintiff has acknowledged that his claims arose in the Eastern District of Tennessee :

> Plaintiff avers that the wrongful acts and omissions of the defendants United States of America, Blackwell and Kizer were the result of an unwritten but well-understood pattern, practice or custom within the Department of Justice in the Eastern District of Tennessee which permitted the use of unlawful, duplicitous, and unconstitutional methods to obtain indictments in cases such as the matter *sub judice*. (emphasis in original).

Docket Entry No. 1 at pg. 23.

## VI. CONCLUSION

The alleged misconduct complained of in the complaint occurred in the Eastern District of Tennessee. This judicial district is not the proper venue for a resolution of the plaintiff's claims. Dismissal of this action for improper venue, therefore, is appropriate. 28 U.S.C. § 1406(a). Accordingly, the defendants' Motions to Dismiss shall be granted and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge